UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PERCY D. BROWN                                                                         PETITIONER

v.                                                       CIVIL ACTION NO. 3:09-CV-P513-S

MARK BOLTON                                                  RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner, Percy D. Brown, filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). On December 9, 2009, this Court ordered Petitioner to show cause whether he has exhausted available state court remedies and whether special circumstances exist to warrant federal intervention (DN 10).

On January 22, 2010, Petitioner filed a motion for extension of time to show cause and for an emergency injunction (DN 13). He states that he was not made aware of the Court's show-cause Order until January 4, 2010. He asserts that he has had ongoing problems with prison officials interfering with his mail. In particular, he asserts that on August 19, 2009, Respondent, Mark Bolton, had Petitioner's mail from the Court returned marked "inmate no longer in custody" but that in actuality he was not moved from the jail until August 21, 2009, at which time Respondent had him placed in isolation in the Bullitt County Jail. He states that he also wishes to add violations of his constitutional rights from April 6, 2009, through April 9, 2009, when "defendants Erin White and the Commonwealth of Kentucky" intentionally concealed exculpatory evidence, tampered with evidence, and engaged in outrageous governmental conduct. He concludes by moving the Court for an order granting an extension of time to respond to the show-cause Order and an order for a temporary emergency injunction prohibiting "the respondents and defendants from further violating his rights."

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 657 (6th Cir. 1996).

The Court **DENIES** Petitioner's motion for an injunction against Respondent relating to his mail. First, Petitioner already has changed his mailing address to a private address. Moreover, it is not clear to this Court notes that the jail returned mail as undeliverable on August 19, 2009, even though he was not moved until August 21, 2009; it appears from the stamp on the envelope that the jail did not return the Court's Order until September 4, 2009.

The Court also **DENIES** Petitioner's motion inasmuch as it asks for injunctive relief relating to his ongoing state criminal proceeding. "[A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). As the Court's show-cause Order demonstrates, it

is not at all clear that Petitioner has exhausted available state court remedies and whether special circumstances exist to warrant federal intervention. Preliminary injunctive relief would not be appropriate.

The Court **GRANTS** Petitioner's motion to extend the time in which to respond to the Court's show-cause Order (DN 13). Petitioner has **30 days** from entry of this Order to respond.

Date: February 3, 2010

Charles R. Simpson III, Judge
United States District Court

cc: Petitioner, *pro se*
4411.009