UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PERCY D. BROWN                                                                                         PETITIONER

v.                                                               CIVIL ACTION NO. 3:09-CV-P513-S

MARK BOLTON                                                                                       RESPONDENT

**MEMORANDUM OPINION**

      Petitioner, Percy D. Brown, filed a petition pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). In his petition, he stated that he is a pretrial detainee. He asserted that his Fourth Amendment rights have been violated because he was unlawfully seized by police officers who had no warrant and, to date, no probable cause hearing has been held. He further asserted that his Sixth Amendment right to access the court has been violated because on June 10, 2009, he filed a petition for a writ of habeas corpus with the Jefferson County Circuit Court and that court has declined to address it. Finally, he asserted that his Fourteenth Amendment right to due process has been violated because on February 5, 2009, the Commonwealth of Kentucky introduced perjured testimony before a grand jury resulting in an indictment against Petitioner for shooting Jennifer French.

      The Court ordered Petitioner to show cause whether he had exhausted available state court remedies and whether special circumstances existed to warrant federal intervention. Petitioner has responded (DN 15). In his response, Petitioner does not indicate that he has exhausted available state-court remedies; he asserts that § 2241 is a pretrial writ which does not require exhaustion. He argues that he is in possession of records showing that he was gambling at a casino from 1:00 a.m. until 4:00 a.m. on September 16, 2004, whereas the victim was murdered about 2:20 a.m., yet, in spite of this revelation, the Commonwealth has continued to prosecute him. He also asserts that the Commonwealth has a history of wrongful arrests and convictions of African-Americans. In support,

he attaches newspaper articles concerning wrongfully accused individuals.

Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at **1-2 (E.D. Mich. July 20, 2009). Petitioner stated in his petition that he has exhausted his state court remedies by filing a petition with the Jefferson County Circuit Court but he does not explain whether he has filed anything in the higher state courts. It appears from his response to the show-cause Order, that, in fact, he has not filed anything in the higher state courts.

Nor does he assert any special circumstances warranting federal intervention in his case. He does assert that a basis for granting his writ is that the Commonwealth of Kentucky has a demonstrated history of civil-rights violations. To the extent that he seeks dismissal of his pending state charges and release from custody, federal habeas relief is unavailable. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Moreover, Petitioner can still present any constitutional claims to the state courts on direct appeal should he be convicted. Petitioner has not shown that special circumstances warrant federal habeas review. The instant petition is

2

premature and must be dismissed, which the Court will do by separate Order.

**CERTIFICATE OF APPEALABILITY**

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc:　　Petitioner, *pro se*
4411.009